HON. JOHN G. GROFF Acting Village Attorney, Horseheads
This is in response to your letter to our office wherein you state that the Village of Horseheads employs school crossing guards for the school year and that said guards work two hours per day. Your question deals with unemployment insurance benefits and whether or not the Village could contract out the hiring of such crossing guards on an annual basis with another entity or agency to avoid unemployment insurance benefits by the Village if the guards applied for the same during the summer vacation.
Article 18 of the Labor Law, which is entitled Unemployment Insurance Law, was amended at the past session of the Legislature (Assembly Bill No. 9021) to conform with the Federal Unemployment Compensation Act of 1976. Labor Law § 511(16) provides, in part, that a governmental entity as defined in section 565 therein is not exempt from the provisions of Article 18. Section 565 now defines a governmental entity, in part, as the State of New York or a municipal corporation. A village is included within the definition of a municipal corporation (General Construction Law, § 66[2]).
In order for an employee to be eligible for unemployment insurance benefits, the employee must meet the claim conditions as set forth in Labor Law, § 527(1), which provides as follows:
 "Valid original claim — 1. Basic condition. `Valid original claim' is a claim filed by a claimant who meets the following qualifications: (a) is able to work, and available for work; (b) is not subject to any disqualification or suspension under this article; (c) his previously established benefit year, if any, has expired; (d) has had at least twenty weeks of employment in the fifty-two week period preceding the filing of such claim; (e) has earned remuneration averaging at least thirty dollars per week in at least twenty weeks of employment in such fifty-two week period."
General Municipal Law, § 208-a provides for the designation of school guards and states as follows:
 "The duly constituted authorities of any city, town, or village or any county police department or police district may designate, authorize and appoint such a number of persons as such authority shall deem necessary, and at such salaries as such authority shall deem advisable, as school crossing guards to aid in protecting school children going to and from school, and church crossing guards to aid in protecting persons going to and from places of worship, and for such purpose shall have power to control vehicular traffic within such municipality."
The school crossing guards are employees of the village and are the responsibility of such village. These guards are hired to protect the health and safety of the children. There is no provision of law empowering the village to contract out the hiring of school crossing guards to a private entity or agency as the employer. Local governmental units have only those powers that are granted to them by the State. (Seaman v Fedourich, 16 N.Y.2d 94 [1965].)
Accordingly, we conclude that a village may not contract out the hiring of school crossing guards to a private entity or agency. If the village hires school crossing guards for the school year, it is liable for unemployment insurance benefits to such crossing guards in the summer when school is not in session, provided that the crossing guards are otherwise eligible pursuant to Labor Law, § 527(1).